IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RODNEY LOGAL and ZENA CRENSHAW-LOGAL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2: 04 CV 436 ) |
| KENNETH L. MILLER, | ) ) ) |
| Defendant | ) |

**OPINION AND ORDER**

Plaintiffs are residents of Crown Point, Indiana, and they brought this action against Defendant Kenneth L. Miller, Commissioner of the Indiana Department of Revenue. The Plaintiffs request that the Court issue a declaration that they have fully paid the inheritance tax due on the estate of decedent Doris B. Logal.

This case is before the Court on a Motion to Dismiss filed by the Defendant. Because the Tax Injunction Act strips the Court of jurisdiction, the Defendant's Motion to Dismiss is Granted.

**I. BACKGROUND**

Plaintiff Rodney Logal ("Logal") asserts that he is the personal representative of the estate of Doris Logal. The decedent was Logal's mother, who died on May 7, 1997. On April 13, 2004, Logal filed an Indiana Inheritance Tax Return with the Lake County Superior Court, Probate Division 2, under the Cause Number 45D02-9805-EU-80. The next day, the probate court found that Logal owed Indiana inheritance tax of $4,505.46.

However, on September 30, 2004, the Indiana Department of Revenue served on Logal a

Delinquent Tax Notice demanding that Logal pay the tax plus interest imposed on the delinquent portion of the tax at the rate of ten percent per year, calculated from the date of the decedent's death to the date the tax is paid.  Using the amount of tax determined by the Lake County Probate Court, the Indiana Department of Revenue determined that Logal owed $3,369.08 in interest.

On October 20, 2004, Logal allegedly paid the tax owed and an amount of interest smaller than that demanded by the Department of Revenue in its Delinquent Tax notice.  On the same day, Logal filed his Complaint in this Court requesting that this Court, pursuant to 42 U.S.C. § 1983, issue a declaration that he has fully paid the inheritance tax and interest due on the Estate of decedent Doris B. Logal.  Logal asserts that maintaining an action in this Court provides him with the "most plain, speedy, and efficient" means of challenging the state's collection efforts.

However, the Defendant argues that this Court lacks subject matter jurisdiction due to the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341.  This Court agrees with the Defendant and therefore dismisses the case for lack of subject matter jurisdiction.

## II. DISCUSSION

The federal district courts are courts of limited jurisdiction.  *Hay v. Ind. State Bd. of Tax Comm'rs,* 312 F.3d 876, 879 (7th Cir. 2002).  Jurisdiction is the power to declare law, and without it the federal courts cannot proceed.  *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).  Accordingly, federal courts must police subject matter jurisdiction.  *Id.*

When a party calls a district court's jurisdiction into question, the court has a duty to look beyond the allegations of the complaint, conducting a careful factual inquiry to determine

2

whether or not it has jurisdiction. *Hay*, 312 F.3d at 879 (7th. Cir. 2002). Further, the plaintiff has the burden of establishing jurisdiction by competent proof. *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n.*, 149 F.3d 679, 685 (7th. Cir. 1993). Competent proof means a "preponderance of the evidence or proof to a reasonable probability that jurisdiction exists." *Gould v. Artisoft, Inc.* 1 F.3d 544, 547 (7th Cir. 1993).

In this case, the Defendant argues that the TIA expressly prohibits district courts from hearing cases like this one. The TIA provides as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

28 U.S.C. § 1341.

The purpose behind the TIA is to prevent federal judges from meddling in a state's fiscal matters unless the state fails to provide a procedurally sound system – that is, one that is plain, speedy and efficient – to challenge a state tax. Any discussion of the TIA must begin with *Rosewell v. LaSalle National bank*, 450 U.S. 503 (1981). In *Rosewell*, the plaintiff refused to pay her Illinois property tax because she disputed the assessed value of her land. *Id.* at 510. After exhausting all of the state's administrative remedies, she realized that Illinois law required her to pay the tax before petitioning a state court for the refund. *Id.* at 508. It was the policy of the Illinois courts, however, not to pay interest on the refunds, and the refunds were often delayed by two years. *Id*. at 509. Not wanting to forfeit this interest, *Rosewell* petitioned a federal district court for relief. *Id.* at 510. After the Seventh Circuit held that the failure to pay interest on the refund allowed the federal district court to take jurisdiction, the Supreme Court granted certiorari. *Id.*

3

Reversing, the Court said that the phrase "plain, speedy, and efficient" creates an exception to the TIA's jurisdictional limitation, so that if a state does not meet these minimal procedural criteria, a federal court might have jurisdiction. *Id.* at 514-15.  However, the Court held that the policy of not awarding interest on tax refunds was a substantive complaint about the state tax system and, as such, had to be litigated in state court. *Id.*

The Court went on to remind the Plaintiff that any unfavorable outcome in state court could be appealed to the United States Supreme Court.  The Court stated: "the statute has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operation." 450 U.S. at 522.  Therefore, we must determine whether the Plaintiffs' Complaint falls under the language of that Act and, if so, whether Indiana affords the Plaintiffs a plain, speedy, and efficient remedy though its own state court system. *Hay,* 312 F. 3d at 878.

**A. Plaintiffs' § 1983 claim falls under the purview of the TIA**

Although Plaintiffs style their suit as a § 1983 action seeking declaratory relief, not as one seeking injunctive relief, it nonetheless is barred by the TIA. *See Wright v. Pappas,* 256 F.3d 635 (7th Cir. 2001); *Gass v. County of Allegheny,* 371 F.3d 134 (3rd Cir. 2004).  In *Wright*, a purchaser of tax liens brought a § 1983 action arising from the county treasurer's alleged misrepresentation of the property values because of the purchaser's race.  In affirming the district court's decision to dismiss the suit as barred by the TIA, the Seventh Circuit reasoned that the TIA "is a gesture of comity toward states; recognizing the centrality of tax collection to the operation of government, the [TIA] prevents taxpayers from running to federal court to stymie the collection of state taxes."  Furthermore, in order to achieve the goal of the TIA, the

4

court stated that the statutory language should be read literally to bar not only injunctions, but also declaratory judgments.  *Id.*

Plaintiffs also argue that they are fighting over interest, not taxes, and thus are not subject to the TIA.  In *Wright*, the court reasoned that since the lien sale is a mode of tax collection, any action to enjoin it would be barred by TIA.  Similarly, at least one other court has found interest payment to be an integral part of the collection of taxes, and thus subject to the TIA.  *See Murray v. McDonald*, 988 F.Supp 420, 423 (D. Vt. 1997).  Plaintiffs' requested declaration has the same effect as seeking to enjoin the collection of taxes by the state.  Therefore, just as in *Wright*, the plaintiffs' § 1983 action should be barred by the TIA if Indiana law provides a plain, speedy and efficient remedy.

### B. Indiana state law provides a plain, speedy and efficient remedy

Indiana provides a comprehensive mechanism to challenge tax decisions, and Seventh Circuit cases that have analyzed the system have found that it meets the "plain, speedy and efficient" mandate of the TIA.  The Seventh Circuit recently examined an aspect of the Indiana tax system, the tax on real property.  *Hay*, 312 F.3d at 881.  In *Hay*, the Seventh Circuit described the judicial review that is available to Indiana taxpayers who wish to challenge their assessment:

> Under the Indiana law, a taxpayer can seek review of a property tax assessment by the County Property Tax Assessment Board of Appeals (Ind. Code § 6-1.1-15-1) and can appeal any finding to the Indian Board of Tax Review (Ind. Code § 6-1.1-15-3).  If a taxpayer remains unsatisfied after these administrative review processes, she may seek judicial review with the Indiana Tax Court.  Ind. Code § 6-1.1-15-5.  From there, all appeals go to the Indiana Supreme Court, and then, of course, a party may petition the United States Supreme Court for certiorari.  In addition to the direct challenge, the state statute also provides a procedure for taxpayers to receive a refund for property taxes assessed and paid that are later found to be illegal as a matter of law.  Ind. Code § 6-1.1-26-1.

*Hay,* 312 F.3d at 880.  The court went on to note that two other Seventh Circuit cases analyzing

5

the Indiana tax appeal system have approved of the procedure. *Id.*; *see Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975); *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978).

The tax at issue at this case is the Inheritance and Estate Tax. Although the tax is a bit different than the one at issue in the Seventh Circuit cases cited above, the procedure provided by Indiana to challenge the tax is very similar to those upheld in *Hay*.

First, the taxpayer can challenge the tax assessment in the probate court:

> Sec. 1. A person who is dissatisfied with an inheritance tax determination made by a probate court with respect to a resident decedent's estate may obtain a rehearing on the determination. To obtain the rehearing, the person must file a petition for rehearing with the probate court within one hundred twenty (120) days after the determination is made. In the petition, the person must state the grounds for the rehearing. The probate court shall base the rehearing on evidence presented at the original hearing plus any additional evidence which the court elects to hear.

Ind. Code. § 6-4.1-7-1.

Second, the taxpayer can pay the tax and then file for a refund:

> Sec. 1. (a) A person may file with the department of state revenue a claim for the refund of inheritance or Indiana estate tax which has been erroneously or illegally collected. Except as provided in section 2 of this chapter, the person must file the claim within three (3) years after the tax is paid or within one (1) year after the tax is finally determined, whichever is later.

Ind. Code. § 6-4.1-10-1.

Furthermore, the taxpayer can appeal any claim order by the Indiana Department of Revenue:

> Sec. 4. (a) A person who files a claim for the refund of inheritance or Indiana estate tax may appeal any refund order which the department of state revenue enters with respect to his claim. To initiate the appeal, the person must, within ninety (90) days after the department enters the order, file a complaint in which the department is named as the defendant.

Ind. Code. § 6-4.1-10-4.

Finally, the taxpayer can appeal the Indiana Department of Revenue's decision to the Indiana Tax Court:

> Sec. 5. When an appeal is initiated under section 4 of this chapter, the probate court shall determine the amount of any tax refund due. Either party may appeal the probate court's decision to the tax court in accordance with the rules of appellate procedure.

Ind. Code. § 6-4.1-10-5.

The similarity in the two systems make it clear that Indiana's inheritance tax collection is as plain, speedy, and efficient as that in *Hay*.

Finally, Plaintiffs also assert that maintaining an action in the federal court provides the *most* plain, speedy, and efficient remedy. However, this argument has been refuted by the U.S. Supreme Court in *Rosewell*. 450 U.S. at 519-20. A state court does not have to be speedier than a federal court in order to strip a federal district court of jurisdiction. As the Court said, "Nowhere in the Tax Injunction Act did Congress suggest that the remedy just be the speediest." *Id*.

Therefore, as the statutory scheme under the Indiana inheritance tax provides a plain, speed and efficient remedy, the Plaintiffs' 1983 action in this Court is barred by the TIA.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 15] is **GRANTED.** The clerk shall **ENTER FINAL JUDGMENT** in favor of Defendant stating that Plaintiffs are entitled to no relief.  The clerk shall treat this civil action as **TERMINATED**.  All further settings in this action are hereby **VACATED**.

**SO ORDERED.**

ENTERED: June 28, 2005

<u>s/ Philip P. Simon</u>
Philip P. Simon
United States District Judge
